## Combs v. McDowell's Trustee.

(Decided February 22, 1918.)

### Appeal from Fayette Circuit Court.

Trusts—Sale and Conveyance of Real Property—Title of Purchaser. —Where a testator devised his real estate -to a trustee to hold for the benefit of the testator's six children, with power of sale with the consent of the children to be evidenced by their joining in the execution of the conveyance, providing, however, that it should not be necessary for the husband or wife of any of the cestuis que trust, nor their descendants, to concur in said sale or execute any conveyance thereof, a deed executed by the trustee and the six cestuis que trust in which their husbands and wives did not join, conveyed a good title to the purchaser and his contract to purchase will be specifically enforced against him.

ALLEN & DUNCAN for appellant.

SHELBY, NORTHCUTT & SHELBY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an appeal by Isaac Newton Combs from a judgment enforcing a contract for the sale to him of a portion of the real estate of the late Henry C. McDowell, who died testate in November, 1899. By his will he devised all of his real estate to his widow Anne Clay McDowell for life; and, he bequeathed to her all of his personal estate, absolutely. The will further provided that on the death of the widow Anne Clay McDowell, all of the testator's real estate should pass to and be vested in his son, Henry C. McDowell, Jr., to be held by him in trust for the testator's six children, Annette Bullock, Henry Clay, Jr., William Adair, Thomas Clay, Julia Prather, and Madaline McDowell, who were to share equally in the net income to be derived from said real estate, the trust to cease only upon the death of the

last survivor of the testator's said children. Upon that event the trust estate will pass in fee simple to the devisees of his said children, or in case of intestacy, to their heirs at law, each set of devisees or heirs at law to take and have the proportion of said estate that would have passed to their devisor or ancestor as one of the testator's heirs at law.

The management of the estate thus held in trust was provided for in part by the following provisions of the will:

"My said son Henry, as trustee aforesaid, shall have full charge, management and control of said real estate; provided, however, that he shall not have power to sell or mortgage any of said real estate, unless in his judgment it be advisable to sell and reinvest the proceeds in real or personal property, and unless all his brothers and sisters then living shall concur in and agree to such sale or sales, which concurrence shall be evidenced by their joining with him in the execution of the conveyance or conveyances. The execution of such conveyances by my children then living shall be merely to evidence their concurrence in said sale or sales, and it shall not be necessary for the husband or wife of any of my said children, nor for the descendants of such children as may then be dead, to concur therein nor execute any conveyance thereof. Should any of my real estate be sold or mortgaged under any power given him, the purchaser shall not be required to look to the application of the purchase money. In all other respects it shall be the duty of said trustee to manage said estate as if it were his own, and for his services as such trustee he shall be allowed a reasonable compensation."

Mrs. Anne Clay McDowell died February 3rd, 1917, and Henry C. McDowell, Jr., has since acted as trustee under the will. He sold the land in question to the appellant Combs, and tendered him a deed unobjectionable in form, and executed by Henry C. McDowell, Jr., as trustee under the will of his father, and also by the other five sons and daughters of Henry C. McDowell, the testator.

The appellant Combs is willing to perform his contract, but contends that he cannot acquire a vendible fee simple title unless the consorts of the children of Henry C. McDowell, the testator, join with their hus-

bands, or their wives, as the case may be, as grantors in the deed conveying to him the property in question. The chancellor was of opinion that this was not necessary; that the deed tendered was sufficient in every respect; and, he entered a judgment accordingly. The objection evidently rests upon the theory that the children of Henry C. McDowell, the testator, took a fee in the land and that dower and curtesy would not be barred unless the consorts of the children joined in the deed as grantors. But this clearly is not the case, since the legal title is vested in the trustee throughout the lives of the children, including the life of the longest lived, with remainder in fee to the children's devisees or heirs. In the meantime the will provides for the management of the trust estate, giving the trustee certain specific powers.

The provisions of the will upon the subject of sale and reinvestment by the trustee are full and explicit. It expressly provides that the trustee shall not sell any of the real estate unless in his judgment it be advisable to sell and reinvest the proceeds in other property, and unless all of the trustee's brothers and sisters then living shall concur in, and agree to the sale; which concurrence shall be evidenced by their joining with the trustee in the execution of the conveyance. This language clearly gives the power of sale to the trustee with the consent of his brothers and sisters.

But the will is still more explicit since it provides that the execution of the conveyance by the other children shall be merely to evidence their concurrence in the sale, it being further expressly provided that it shall not be necessary for the husbands or wives of any of said sisters or brothers, nor for their descendants in case they be dead, to concur in the sale, or execute any conveyance therefor.

If the testator had merely given the trustee power to sell for reinvestment without any condition upon the power, there could be no doubt concerning the sufficiency of a deed by the trustee alone to convey a good title. And, by adding the condition that the power was to be exercised only with the written consent of the beneficiaries, the will did not give them any additional estate in the property, and conveyed no interest or estate to their consorts.

And, to negative any possible claims by the consorts, the testator expressly provided that it should not be necessary for them to agree to the sale in any way, and that a sale might be made regardless of their wishes.

It will thus be seen that the very objection that is here raised to the tendered deed was anticipated and provided against by the will; and, as the testator had the power to limit the estate upon the terms and conditions therein specified, it follows that the deed tendered carried a fee simple title.

Judgment affirmed.